**Robert L. CULPEPPER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 938.**

United States District Court
S. D. Alabama, N. D.

June 24, 1955.

---

Reid B. Barnes, of Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for plaintiff.

Percy C. Fountain, U. S. Atty., Mobile, Ala., for defendant.

THOMAS, District Judge.

This is a suit brought under the Tort Claims Act for property damage suffered by plaintiff as a result of his truck's being involved in a collision with an Air Force vehicle. The accident occurred in Dallas County, Alabama, on U. S. Highway No. 80, about one-eighth mile south of the city of Selma. At the time of the collision, the Air Force vehicle was being driven by one Ray L. Matheson, who was then a private in the Air Force.

Due to the finding hereinafter made, it is unnecessary to detail the facts bearing upon the question of negligence. Suffice it to say, in my opinion the facts disclose no negligence on the part of the driver of the plaintiff's vehicle, but amply sustain a finding of negligence on the part of Matheson in the operation of the government vehicle.

The facts disclosing the nature of the mission upon which Pvt. Matheson was engaged at the time of the accident are as follows: On December 16, 1949, Captain D. C. Schertz, who was then a member of the United States Air Force, stationed at Craig Field, Alabama, requested of the adjutant of the base, Major

Melvin S. Weil, the use of an Air Force truck to haul or transport his personal belongings and furniture from his then residence in Selma to his new place of abode in the outskirts of Selma. The request was granted, and Captain Schertz was advised that he would have to furnish his own driver and that the driver would have to be someone licensed to drive government vehicles. Therefore, a volunteer was asked for, and Pvt. Matheson, who was licensed to drive government vehicles, volunteered. It was while en route from Captain Schertz' then residence in Selma to his new abode in the outskirts of Selma that the accident occurred, at which time the Air Force vehicle was loaded with Captain Schertz' furniture and other personal belongings of his or of his family. The sole purpose of the trip was the transporting of the personal property of Captain Schertz.

### Conclusions of Law.

This court has jurisdiction of this cause by virtue of the provisions of Section 2674 of Title 28 U.S.C., and Section 1346(b) of Title 28 U.S.C.

The mission on which Pvt. Matheson was engaged at the time of the collision giving rise to this claim, was a mission which Pvt. Matheson was performing solely for the benefit and personal convenience of Captain Schertz, and, viewed from any angle, was not in furtherance of the interests of the government. In the volunteer driving of the Air Force vehicle for the purpose of hauling the personal belongings of Captain Schertz, Pvt. Matheson was not " 'Acting within the scope of his office or employment' " as an " 'Employee of the government' ", as contemplated by the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and 28 U.S.C. § 1346(b). Plaintiff's claim should accordingly be denied. Parrish v. United States, D.C., 95 F.Supp. 80.

Let judgment in accordance with these findings of fact and conclusions of law be prepared for entry by the court.